**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 12-08704 |
| | ) | |
| Geotrack, Inc | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE**

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period November 23, 2013 to April 30, 2014. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $2,765.00 for 7.90 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $40.00 for reimbursement of expenses incurred in connection with its legal services. IFG Chtd. previously requested interim compensation for services rendered during the period of March 14, 2012 to August 23, 2012. For this period, IFG Chtd. was awarded attorneys' fees for services rendered in the amount of $18,336.00 for 61.80 hours and requested payment of $271.20 for reimbursement of expenses incurred in connection with its legal services. The Court entered an award of interim compensation on September 14, 2012 as indicated. IFG Chtd. previously requested a second interim compensation for services rendered during the period of August 24, 2012 to November 22, 2013. For this period IFG Chtd was awarded attorneys' fees for services rendered in the amount of $10,980.00 and

requested payment of $472.29 for reimbursement of expenses incurred in connection with its legal services.  IFG Chtd. now requests that the previously entered interim award now be awarded as final compensation.

In support of its application, IFG Chtd. respectfully states as follows:

## BACKGROUND

1. On March 6, 2012 a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of Geotrack, Inc.

Through her administration and liquidation of the Estate, Trustee has amassed over $206,000.00. The Trustee had numerous issues in this case.  There was a secured creditor who claimed a lien on all of the assets of the Debtor with the possible exception of a few vehicles.  In addition, there were over 40 vehicles located in a least four different states with numkerous creditors claiming storage liens and some claiming financing liens. In addition, there were a number of governmental units claiming liens on property.  The Trustee through the efforts of her counsel as well as herself was able to settle and resolve the secured creditor's claim of lien on all the assets by splitting the Trustees collection of receivables and sale of non-vehicle assets with the secured creditor.  In addition the Trustee was able to find and have her attorneys turnovers of various funds that purportedly had liens and was able to resolve the 40 or more vehicles.  The Trustee paid the secured creditor and after payment of the secured creditor from the $206,000.00 and payment of other administrative expenses has approximately $70,000.00 all of which would be available to the Estate.  The administration of the Estate is concluded.

So in summary, counsel for the Trustee has overseen the collection of assets of the Debtor consisting of account receivables for which Aurora Bank had claimed a lien on all of the assets.  Counsel for the Trustee reviewed a five year dispute and state court litigation, analyzed documents and researched whether or not the lien of the Aurora Bank was valid.  Counsel for the Trustee negotiated a compromise which divided certain assets in half for Aurora Bank and the Estate leaving the Estate sufficient assets to pursue other assets which were located around the country and left money to pay tax claims. In connection with this resolution the Trustee's counsel assisted in seeking approval for the resolution of this dispute freeing up funds for the benefit of the Estate. In addition Counsel for the Trustee researched other issues dealing with the recovery of liened and unliened vehicles as well as analyzed the Trustee's responsibility on the wind down of a pension plan.  Other than attorney and potential accountant fees as well as Bank and Technology Service Fees which are ongoing, there are no accrued unpaid administrative expenses.

## INTRODUCTION

4. The Trustee has recovered funds from the collection of account receivables in the amount of approximately $206,000.00

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On April 20, 2012  this Court entered an order retroactively to March 14, 2012 authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee.

6.  IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7.  Pursuant to §330 of the Code and the generally applicable criteria with

respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein.  In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved.  IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed.  However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A.  The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.  Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

## ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9. IFG Chtd. incurred expenses in the amount of $40.00 in connection with its representation of the Trustee during the period November 23, 2013 to April 30, 2014 for which it now requests reimbursement.  IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries.  An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit A.  IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges.  In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest.  For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper

representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

### NATURE OF SERVICES PERFORMED BY IFG CHTD.

### Closing and Claims

10. Counsel for the Trustee prepared pleading to object to multiple claims and followed through on resolving those claims and presenting objections to those claims in Court.

In connection with these services, IFG Chtd. expended 4.50 hours, for which it seeks $1,575.00 in fees and reimbursable expenses of $0.00. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
| --- | --- | --- | --- |
| IFG | 4.50 hours | $350.00 | $1,575.00 |
| TOTAL | 4.50 hours | | $1,575.00 |
| | | Expenses | $ 0.00 |
| | | Total | $1,575.00 |

### Retention

11. Counsel for the Trustee reviewed and prepared pleading to compensate accountants and attorneys, and appeared at hearings

In connection with the above services, IFG Chtd. expended 3.40 hours, for which it seeks compensation in the amount of $1,190.00 for fees and $40.00 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
| --- | --- | --- | --- |
| IFG | 3.40 hours | $350.00 | $1,190.00 |
| TOTAL | 3.40 hours | | $1,190.00 |
| | | Expenses | $ 40.00 |

              Total      $1,230.00

## **CONCLUSION**

12. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

13. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

14. IFG Chtd. has previously submitted two interim fee applications in this case.

15. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $2,765.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from November 23, 2013 to April 30, 2014.

b. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $40.00 incurred in connection with such services;

c. Awarding the previous payment to the Law Offices of Ilene F. Goldstein, Chartered of interim compensation in the amount of $18,336.00 for the actual, necessary and valuable professional services and the amount of $271.20 for allowable expenses rendered to the Trustee during the period from March 14, 2012 through August 23, 2012 and the previous second interim compensation in the amount of $10,980.00 for the actual, necessary and valuable professional services

and the amount of $472.29 for allowable expenses rendered to the Trustee during the period from August 24, 2012 through November 22, 2013 as final compensation.

    d.  For such other and further relief as this Court deems appropriate.

                  Respectfully submitted by
                  Law Offices of Ilene F. Goldstein, Chartered

                  By:  /s/Ilene F. Goldstein
                        One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
900 Skokie Blvd, Suite 128
Northbrook, IL 60062
(847) 562-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 7.90 | $350.00 | $2,765.00 |
| TOTAL | 7.90 | | **$2,765.00** |

## TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| Claims and Closing | $1,575.00 | $00.00 | $1,575.00 |
| Retention/Comp. | $1,190.00 | $40.00 | $1,230.00 |
| **TOTAL** | **$2,765.00** | **$40.00** | **$2,805.00** |